IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARGIE R.,[1]

        Plaintiff,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant.

Case No. 3:19-cv-00514-JR

**OPINION AND ORDER**

**RUSSO, Magistrate Judge.**

Margie R. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

§ 405(g). For the reasons explained below, the Commissioner's decision is reversed and remanded for immediate payment of benefits.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Plaintiff protectively filed her application for benefits on July 29, 2016, alleging disability as of the same date. (Tr. 15.) The Commissioner denied Plaintiff's application initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). An administrative hearing was held on March 9, 2018, after which the ALJ issued a written decision

PAGE 2 – OPINION AND ORDER

dated May 16, 2018, denying Plaintiff's application for benefits. (Tr. 12-32.) The Appeals Council denied Plaintiff's request for review on January 31, 2019, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff now seeks judicial review of that decision.[2]

## II.   THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

---

[2] This case was reassigned to this Court on June 15, 2022.

PAGE 3 – OPINION AND ORDER

### III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. (Tr. 12-32.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 29, 2016. (Tr. 17.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of COPD, bilateral hearing loss, depression, anxiety, and borderline intellectual functioning. (Tr. 17.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. (Tr. 18.)

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] needs to avoid environments where there is a great deal of noise. She would work best in a quiet environment where she has only occasional exposure to loud noise. The claimant should avoid concentrated exposure to dust, fumes, gases, poor ventilation and other noxious odors. She is further limited to simple, repetitive, routine tasks requiring no more than occasional contact with the general public.

(Tr. 19.)

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a sales clerk. (Tr. 25.) At step five, the ALJ determined that Plaintiff could perform the job of routing clerk, which exists in significant numbers in the national economy. (Tr. 26.) The ALJ therefore concluded that Plaintiff was not disabled. (Tr. 26.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; (3) failing to include all of Plaintiff's limitations in the RFC; and (4) relying upon vocational expert (VE) testimony that diverged from the DOT.

**DISCUSSION**

I.   **MEDICAL OPINION EVIDENCE**

Plaintiff first argues the ALJ improperly rejected the opinion of examining psychologist Robert Weniger, Psy.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Weniger completed a neuropsychologial evaluation of Plaintiff. (Tr. 623.) He assessed that Plaintiff retains the capacity to read at a "fifth to sixth grade" level and struggles to pronounce several irregular terms or terms with complex vowel blends. (Id.) Dr. Weniger also noted that

PAGE 5 – OPINION AND ORDER

Plaintiff's valid full-scale IQ tested at 70 and was in the 2nd percentile. (Id.) Dr. Weniger concluded that Plaintiff "exhibited several cognitive, academic, emotional, and interpersonal challenges that will represent impediments to competitive employment," and that she would require "enhanced emotional resilience, improved interpersonal skills, and increased motivation" in order to successfully sustain a job. (Tr. 630.)

The ALJ purported to give "great weight" to Dr. Weniger's opinion. (Tr. 24.) However, as Plaintiff notes, Dr. Weniger's opinion is inconsistent with the ALJ's RFC. (Tr. 24.) Specifically, the ALJ incorporated only some of Dr. Weniger's limitations into the RFC and excluded the limitations regarding her need for improved interpersonal skills, motivation, and emotional resilience. (Tr. 630.) As noted above, the ALJ formulated Plaintiff's RFC with the following limitations:

> [Plaintiff] needs to avoid environments where there is a great deal of noise. She would work best in a quiet environment where she has only occasional exposure to loud noise. The claimant should avoid concentrated exposure to dust, fumes, gases, poor ventilation and other noxious odors. She is further limited to simple, repetitive, routine tasks requiring no more than occasional contact with the general public.

(Tr. 19.) At the administrative hearing, the ALJ presented this RFC to a vocational expert, from whose testimony the ALJ concluded that Plaintiff would be capable of performing the job of routing clerk. (Tr. 51-58.)

While the ALJ's findings and conclusions need not be identical to a credited medical source's assessed limitations, they must be consistent. Turner v. Comm'r, 613 F.3d 1217, 1223 (9th Cir. 2010). Here, the ALJ failed to incorporate all of Dr. Weniger's limitations into the RFC and failed to provide reasons for doing so. Dr. Weniger articulated specific areas of functional improvement that would need to be met before Plaintiff could successfully hold a job. The ALJ failed to provide any reasons to reject Dr. Weniger's opinion that Plaintiff required improved

PAGE 6 – OPINION AND ORDER

interpersonal skills, motivation, and emotional resilience in order to hold a job. For these reasons, the ALJ's disability determination is not based on substantial evidence.

The Commissioner argues that Dr. Weniger's assessment of Plaintiff's needs for improvement are merely "accommodations" and not to be considered in a disability analysis, citing Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 803 (1999) for the proposition that the SSA does not take the possibility of reasonable accommodation into account when determining whether an individual is disabled. This case is inapposite. In Cleveland, the Supreme Court considered whether it was relevant that a plaintiff in an Americans with Disabilities Act (ADA) case had subsequently applied for, and received, SSDI benefits. The Court noted that a plaintiff in an ADA case need only show she was capable of performing the essential functions of her job with or without reasonable accommodation, and that plaintiff's successful SSDI case did not "inherently conflict" with her claim that she could also perform the essential functions of a job with reasonable accommodation. Thus Cleveland supports Plaintiff's contention that the possibility that a claimant can perform work with accommodations is irrelevant to the disability determination.

Because the ALJ's rejection of Dr. Weniger's opinion is not based on substantial evidence and constitutes grounds for reversal, the Court need not consider Plaintiff's other assignments of error.

### III.  REMAND

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citing INS v. Ventura, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits

when [the three-part credit-as-true standard is] met." Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." Id. (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021.

Because the ALJ provided no reasons for rejecting Dr. Weniger's opinion, the Court performs the credit-as-true analysis. Dr. Weniger opined that Plaintiff "will require extensive supportive assistance to procure and maintain employment." (Tr. 630.) The Court concludes that Plaintiff meets the credit-as-true standard, and a remand for benefits is appropriate. Here, the ALJ failed to provide any reasons for rejecting Dr. Weniger's opined limitations. Pulliam v. Berryhill, 728 F. App'x 694, 697 (9th Cir. 2018) (citing Garrison, 759 F.3d at 1020). Further, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. For these reasons, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits. The ALJ's conclusion that Plaintiff was, at the time of the decision, capable of performing light work with some limitations was not based on substantial evidence. This case is reversed and remanded for the immediate payment of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **REVERSED and REMANDED** for immediate payment of benefits.

**IT IS SO ORDERED.**

DATED this 21st day of June, 2022.

 /s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER